Before the Third Division, July 15, 1954

**No. 58270.**—Bowman Farm Dairy, Inc., et al. *v.* United States, protests 116970–K/318, etc. (Chicago).

EKWALL, Judge: This case involves three protests, consolidated at the trial, against the collector's assessment of duty on merchandise described on the invoices as Cuban sugar sirup, pineapple-flavored, at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as nonenumerated manufactured articles, less the Cuban preferential of 20 per centum (T. D. 47232).[1]  Various claims are made in the protests, but the one relied upon is that the merchandise is properly dutiable as sugar sirup under paragraph 502 of the said tariff act, as modified by the supplemental trade agreement with Cuba, T. D. 50541, at 0.1 cent per gallon, plus 0.11 cent additional for each per centum over 48 per centum of total sugars and fractions of a per centum in proportion.  The Government claims that the merchandise should be classified as fruit sirup under paragraph 806 (a), as modified by the trade agreement with the United Kingdom, T. D. 49753, at 35 cents per gallon, less the Cuban preferential of 20 per centum.

At the trial, plaintiff called Brice A. Lane, examiner of merchandise at Chicago. He testified that he had examined the merchandise involved herein and that it consisted of a saturated solution of sugar and water, with a flavoring extract amounting to about one-eighth of an ounce per gallon, or less than one-half of 1 per centum of the mixture.  He testified that it was similar in all material respects to the merchandise involved in *John Sexton & Co., Inc.* v. *United States*, 29 Cust. Ct. 114, C. D. 1454, and that involved in *United States* v. *Olavarria & Co., Inc.*, 37 C. C. P. A. (Customs) 40, C. A. D. 417.  Although the flavoring of the merchandise in the *Olavarria* case was not pineapple, to the knowledge of the witness, different flavorings in small percentages make no difference as far as the sugar sirup is concerned.  Upon the basis of the decisions cited, he would now advisorily classify the imported merchandise as sugar sirup under paragraph 502.

The records in the two cases were admitted in evidence at the trial, subject to a ruling by this division.  Since the merchandise and the issues herein are substantially the same as those in the decided cases, plaintiff's motion to incorporate the records is granted.

In *United States* v. *Olavarria & Co., Inc.*, *supra*, it was held that saturated solutions of sugar in water, containing from one-eighth to one-sixteenth of an ounce per gallon of flavoring, such as vanillin, mapleine, and white pine, were properly dutiable as sugar sirups, not especially provided for, under paragraph 502 of the Tariff Act of 1930, as modified.  In the course of the opinion, the court pointed out that flavored and unflavored sugar sirups were shown by the evidence to have the same general physical characteristics and viscosity and were used for the same general purposes, and that there was no commercial difference between the two. The court stated further that a sugar sirup was a saturated solution of sugar in water and that the small amount of flavoring in the merchandise did not change it into something other than a sugar sirup, *eo nomine* provided for, without limitation, in paragraph 502.

*John Sexton & Co., Inc.* v. *United States*, *supra*, involved a solution of sugar and water, containing pineapple flavoring of less than one-half of 1 per centum of the mixture, similar in all material respects to the merchandise in the *Olavarria*

---

[1] The collector's letter transmitting protest No. 116970–K states that the merchandise was classified as fruit juice or sirup, not specially provided for, under paragraph 806, as amended, at 35 cents per gallon, less the Cuban preferential of 20 per centum.  This statement is erroneous since it appears from the liquidator's figures on the amended entry that duty was calculated on the basis of the rate provided in paragraph 1558, less the Cuban preferential.

case, *supra*. The court held that it was dutiable under paragraph 502, as modified, as sugar sirup, stating that there was no presumption that the merchandise was fruit sirup, since it had been classified by the collector as a nonenumerated manufactured article, and that there was nothing in the record upon which to base such a finding. The same considerations are applicable to the instant case.

On the record herein and on the authority of the decisions cited, we hold that the imported merchandise is properly dutiable as sugar sirup, not specially provided for, under paragraph 502 of the Tariff Act of 1930, as modified by the supplemental trade agreement with Cuba, T. D. 50541, at 0.1 cent per gallon, plus 0.11 cent additional for each per centum over 48 per centum of total sugars and fractions of a per centum in proportion.

The protests are sustained and judgment will be rendered for the plaintiffs.